UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 00-cr-00531-WYD

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. WILLIAM CONCEPCION SABLAN,

  Defendant.
_____

**ORDER**
_____

  THIS MATTER is before the Court on William Sablan's Motion for Reconsideration of the Court's Ruling Allowing the Government to Present Evidence of Underlying Conduct Relating to Prior Convictions (docket # 1863) filed August 10, 2006.  This motion asks that I reconsider my ruling in the Order of July 6, 2006, that denied Defendant's Motion to Limit Evidence of Prior Convictions to the Fact of Conviction and to Exclude Evidence of Underlying Conduct [Wm DP-19].

  More specifically, I denied Defendant's Motion to Limit Evidence of Prior Convictions to the Fact of Conviction and to Exclude Evidence of Underlying Conduct to the extent it asked me to adopt a categorical approach and limit the statutory aggravating factors at issue to the fact of conviction.  Order of July 6, 2006, at 25.  I also rejected William Sablan's related argument that to the extent the Government seeks to introduce evidence of prior adjudicated criminal conduct in connection with future dangerousness, it similarly should be limited to proving the fact of conviction.

However, I denied the motion without prejudice as to the evidentiary issues, *i.e.*, to the extent it requested that I determine whether the probative value of the convictions is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury pursuant to 18 U.S.C. § 3593(c).  *Id.*  I stated that those issues would be addressed at the evidentiary hearing that is now set for November 6 -9, 2006.

Defendant's motion for reconsideration takes issue with the Government's arguments made in response to his Motion to Limit Evidence of Prior Convictions to the Fact of Conviction and to Exclude Evidence of Underlying Conduct . First, he asserts that the Government's argument that presentation of evidence of the underlying conduct is mandated by Supreme Court authority requiring particularized sentencing in capital cases misconstrues such authority.  Defendant argues in that regard that the concept of particularized sentencing discussed by the Supreme Court relates to the constitutional right to present mitigation, not the Government's ability to present aggravating evidence.

Defendant also takes issue with the Government's argument, adopted by the Court in part, that limiting the proof to the fact of conviction is at odds with the Government's ability to introduce evidence of unadjudicated criminal conduct during the penalty phase.  Defendant asserts that the two issues are not equivalent, since "[w]hen a capital jury is presented with evidence of unadjudicated criminal conduct, it will be assessing it for the first time."  Mot. for Reconsideration at 7.  That is not true regarding conduct underlying prior convictions, which has been assessed either by the judge in cases where plea bargains were entered or by the jury in cases which went to trial.

I conclude that Defendant's motion for reconsideration must be denied. First, I find that all of the arguments could and should have been raised in connection with the underlying motion. Accordingly, the motion for reconsideration is properly denied on that basis. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion for reconsideration is an "inappropriate vehicle[]to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion); Nat'l Bus. Brokers, Ltd. v. Jim Williamson Productions Inc., 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) ("the motion to reconsider 'is not at the disposal of parties who want to 'rehash' old arguments' . . . . Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision' . . . . 'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence'") (quotations omitted), aff'd, 16 Fed. Appx. 959 (2001).

Second, even if I consider the merits of the motion, I find that Defendant has not stated a basis for reconsideration of my prior Order. I disagree with Defendant that the Court and/or the Government misconstrued Supreme Court authority. Defendant's cited authority does not hold that the need for particularized sentencing is limited to mitigation evidence, and does not any way limit the Government's ability to present aggravating evidence. In other words, the fact that the Supreme Court has held that a defendant in a capital phase has the right to introduce mitigating evidence in connection with the particularized sentencing determination does not mean that there is

a corresponding limitation on the Government's ability to produce aggravating evidence. Indeed, this argument appears to conflict with other Supreme Court authority. See, e.g., Jones v. United States, 527 U.S. 373, 401 (1999) (rejecting the argument that nonstatutory aggravating factors relating to victim vulnerability and victim impact were overbroad, stating that "such evidence is surely relevant to the selection phase decision, given that the sentencer should consider all of the circumstances of the crime in deciding whether to impose the death penalty"); Payne v. Tennessee, 501 U.S. 808, 822 (1991); see also United States v. Fell, 360 F.3d 135, (2d Cir. 2004) ("the Supreme Court has . . . made clear that in order to achieve . . . 'heightened reliability,' *more* evidence, not less, should be submitted on the presence or absence of aggravating and mitigating factors") (quoting Gregg v. Georgia, 428 U.S. 153, 203-04 (1976)).

Further, Defendant provides no valid basis to undermine the Court's reliance on United States v. Higgs, 353 F.3d 281 (4th Cir. 2003); United States v. Rodriguez, 2006 WL 487117 (D.N.D. 2006) and United States v. Chong, 98 F. Supp. 2d 1110 (D. Hawai'i 1999) as support for its holding. Finally, Defendant has not shown that the Court erred in holding that the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990) is inapplicable in the context of the Federal Death Penalty Act ["FDPA"]. In other words, Defendant has not shown through the citation of any legislative history that Congress intended that approach to apply in connection with the FDPA. See Order of July 6, 2006, at 24.

I also reject Defendant's distinction between adjudicated and unadjudicated conduct as a basis to overturn my prior ruling. I continue to find that it is illogical to exclude evidence of unadjudicated criminal conduct, which necessarily requires introduction of the underlying facts, and not allow in underlying facts in connection with an actual conviction. See id. at 24. I do not agree with Defendant that the underlying facts of the crime are irrelevant because there is a plea disposition or a conviction by a jury. As the Government points out, the jury is not assessing a defendant's criminal history at the penalty phase—it is assessing whether a person should be sentenced to death. The facts underlying the crime are particularly relevant to that determination, so long as they are not unduly prejudicial.

Finally, I note that my previous ruling simply rejected a per se rule that prior convictions would be limited to the fact of conviction. I have not actually decided what, if any, underlying facts may be admissible and what facts are unduly prejudicial or may otherwise confuse the jury or mislead the issues. That will be addressed at the hearing commencing November 6, 2006.

Based on the foregoing, it is

ORDERED that William Sablan's Motion for Reconsideration of the Court's Ruling Allowing the Government to Present Evidence of Underlying Conduct Relating to Prior Convictions (docket # 1863) filed August 10, 2006, is **DENIED**.

Dated: November 2, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge