UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 00-cr-00531-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WILLIAM CONCEPCION SABLAN,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court in order to determine certain issues. First, should the Court or jury resolve the claim that the Defendant is mentally retarded, and when should that claim be decided? Second, what burden of proof should the Defendant bear in order to show he is mentally retarded? Oral argument occurred on December 8, 2005, and the parties have filed legal authority related to these issues. As explained more fully below, I conclude the Court should determine whether the Defendant is mentally retarded before trial, and that the Defendant bears the burden of establishing that he is mentally retarded by a preponderance of the evidence.

    I.    ANALYSIS

By way of background, the Federal Death Penalty Act ["FDPA"] states in a statute called "implementation of a sentence of death" that "[a] sentence of death shall not be carried out upon a person who is mentally retarded. Specifically, a sentence of death shall not be carried out upon a person who, as a result of mental disability, lacks

the mental capacity to understand the death penalty and why it was imposed on that person." 18 U.S.C. § 3596(c).  The Supreme Court in *Atkins v. Virginia*, 536 U.S. 304 (2002) discussed the constitutionality of executing mentally retarded persons and concluded that such execution was cruel and unusual punishment in violation of the Eighth Amendment.  As to the definition of mental retardation, the *Atkins* Court stated, "clinical definitions of mental retardation require not only subaverage intellectual functioning, but also significant limitations in adaptive skills such as communication, self-care, and self-direction that became manifest before age 18." *Id*. at 318.

Based on the foregoing impairments associated with mental retardation, the Supreme Court found two reasons for excluding the mentally retarded from execution. *Id*. at 318.  First, there are serious questions as to whether retribution and deterrence, the underlying justifications for the death penalty, apply to mentally retarded offenders. *Id*. at 318-19 (citing *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)).  Second, the mentally retarded "face a special risk of wrongful execution" because they are less able to assist in their defense, often make poor witnesses, have poor demeanor, and are more likely to make false confessions.  *Id.* at 320.

While both the FDPA and *Atkins* prohibit the execution of mentally retarded individuals, neither the statutes nor the Supreme Court established procedures to carry out that mandate.  Specifically, *Atkins* did not address the procedural issues before the Court*,* but left "'to the states[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences.'" *Atkins v. Virginia*, 536 U.S. 304, 317 (2002) (quoting *Ford v. Wainright*, 477 U.S. 399, 416-17 (1986) (which

left to the states ways to enforce the constitutional restriction upon insane persons)). *See In Re Bowling*, 422 F.3d 434, 436 (6th Cir. 2005) ("*Atkins* did not set forth a definitive rule or procedure for the courts to follow in determining when an offender is mentally retarded such that his or her execution would violate the Eighth Amendment"). My analysis as to who should decide the issue of mental retardation, the court or the jury, and the appropriate burden of proof that the Defendant shall bear is set forth below.

        A.     <u>The Court should Determine if the Defendant is Mentally Retarded.</u>

The Defendant contends that *Atkins* prohibits both the implementation and the imposition of a death sentence. (Def.'s Reply ¶ 3.) The Defendant further argues that the Court should determine this issue prior to trial, "so the court and parties will know whether the case will continue as a capital case." *Id.* The Government does not take a position on this issue.

Although the Supreme Court and the Tenth Circuit have not ruled on these issues, other circuits and states have addressed them. Following the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002), and *Atkins*[1], the Fifth Circuit specifically held that due process does not require a jury determination on mental retardation. *See In re Johnson*, 334 F.3d 403

---

[1] Under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Further, *Ring* stands for the proposition that "[i]f a state makes an increase in a defendant's authorized punishment contingent on the finding of fact, that fact - no matter how the State labels it - must be found by a jury beyond a reasonable doubt." *Id.* at 62. *Atkins* is distinguishable from both *Apprendi* and *Ring* in that mental retardation is not a factor increasing punishment. Instead, the finding that a defendant is mentally retarded is a complete preclusion to the imposition of the death penalty and should not be considered by the jury.

(5th Cir. 2003); *See United States v. Webster*, 421 F.3d 308, 352 (5th Cir. 1998); *see also Schiriro v. Smith*, 546 U.S. 6 (2005) (holding that the Ninth Circuit erred by commanding the Arizona courts to conduct a jury trial to resolve defendant's claims of mental retardation).

Moreover, other state courts have echoed the Fifth Circuit and decided that this issue is to be determined by the court before trial.  In *State v. Williams*, 831 So.2d 835 (La. 2002), the Louisiana Supreme Court stated that "[t]he better practice under *Atkins* is reflected by the procedure of such states as Indiana and Missouri, where the court makes a pre-trial determination of whether the defendant is mentally retarded and . . . spares both the State and the defendant the onerous burden of a futile bifurcated sentencing procedure."  *Id.* at 860.  Further, the *Williams* Court held that mental retardation is not an enhancing factor under *Atkins*, but rather a preclusion from imposing the death penalty.  *Id.*; *See People v. Smith*, 751 N.Y.S. 2d 356, 357 (N.Y. Sup. Ct. 2002) (holding that *Ring* and *Atkins* do not render unconstitutional a state statute setting forth the procedure for a pre-trial mental retardation hearing); *See Chase v. State*, 873 So.2d 1013, 1029 (Miss. 2004) (holding that ". . . the matter should proceed as other evidentiary hearings on motions."); *See State v. Bass,* 87 P.3d 629, 633 (Okla.Crim.App. 2004); *See Franklin v. Maynard*, 588 S.E.2d 604, 606 (S.C. 2003).

Additionally, many state legislatures have adopted procedures allowing the court to determine this issue.  Specifically, "17 of the 18 states which had procedures in place to address mental retardation prior to *Atkins* either require or authorize the trial court to determine mental retardation."  *United States v. Nelson*, 419 F. Supp.2d 891,

893 (2006)[2]. Further, after *Atkins*, eight states enacted legislation in order to resolve the issue of mental retardation, and "all but one authorize or require the issue to be committed to the trial court." *Id.*[3] I agree with the courts that have held the issue of mental retardation is for the court to determine, not the jury. The existence of mental retardation is not a mitigation factor for the jury to decide. Instead, the finding that a defendant is mentally retarded is a complete preclusion to the imposition of the death penalty. Therefore, after reviewing the pleadings and the above mentioned authority, I find that the Court should make the determination as to whether the Defendant is mentally retarded.

> B.   Preponderance of the Evidence is the Appropriate Burden of Proof.

The Government argues that the Defendant be required to prove he is mentally retarded by clear and convincing evidence. First, the Government contends that the issue of mental retardation is comparable to the defense of insanity because both render a defendant ineligible for the death penalty. (Gov't.'s Supplemental Authority at 4.) The Government cites both statutory and case law supporting the notion that a defendant is required to prove an insanity defense by clear and convincing evidence. *See Ford v. Wainright*, 477 U.S. 399 (1986) (holding that a high burden of proof is

---

[2] (citing ARIZ. REV. STAT. § 13-703.02; COLO. REV. STAT. § 18-1.3-1102; IND. Code §§ 35-36-9-5; KY. REV. STAT. §§ 532.135; S.D. Codified Laws §§ 23A-27A; MO. STAT. § 565.030; N.C. GEN. STAT. § 15A-2005; N.Y. Crim. Proc. Law § 400.27; KAN. STAT. ANN. § 21-4623; NEB. REV. STAT. § 28-105.01; N.M. STAT. § 31-20A-2.1; CONN. GEN. STAT. § 53a-46a; MD. CODE ANN., Crim. Law §§ 2-202,-303; FLA. STAT. § 921.137; WASH. REV. CODE ANN. § 10.95.030).

[3] (citing IDAHO CODE § 19-2515A; UTAH CODE ANN. §§ 77-15a-101 to 106, 77-18a-1; NEV. REV. STAT. 174, 175-554, 177.015, 177.055, 200.030; LA. CODE. CRIM. PROC. ANN. ART. 905.5.1; DEL. CODE ANN. tit. 11, § 4209; ILL. COMP. STAT 5/114-115; CAL. PENAL CODE § 1376).

required to control the number of nonmeritorious claims of insanity); *See also* U.S.C. § 17(b); *Leland v. Oregon*, 343 U.S. 790 (1952); *See People v. Vasquez*, 84 P.3d 1019 (Colo. 2004).

Second, the Government asserts that the Defendant should have a higher burden of proof on the issue of mental retardation because of the nature of the disability. (Gov't.'s Supplemental Authority at 5.) The Government argues that mental retardation is diagnosed and becomes apparent by the age of 18 while mental illness is more difficult to diagnose. Further, "[c]ompetency involves the existence of a 'mental disease or defect,' which necessarily requires complicated diagnoses because mental illness is part of the definition." (Gov't.'s Supplemental Authority at 6; (quoting 18 U.S.C. § 4241 et seq.)). Therefore, because it is argued that mental retardation is distinguishable from incompetence and less risky to diagnose, a higher burden of proof is appropriate in proving mental retardation.

While the Defendant concedes he has the burden of proving he is mentally retarded, he argues that his burden of proof should be by a preponderance of the evidence. (Def.'s Supplemental Br. at 12.) Defendant asserts that under statutory law, since federal courts are to decide matters concerning mental illness and competency by a preponderance of the evidence pursuant to 18 U.S.C. § 4241, the same should be applied to matters involving mental retardation. Defendant cites both state and federal post-*Atkins* cases for support. First, in *Williams*, 831 So.2d at 858, the court decided to treat this issue the same as a pre-trial competency hearing and thus adopted a preponderance of the evidence standard. Second, in *Franklin*, 588 S.E.2d at 606, the

court adopted the preponderance of the evidence standard of proof and cited two cases involving competency in their reasoning. Finally, the Defendant cites *Cooper v. Oklahoma*, 517 U.S. 348 (1996) for support.

Under *Cooper*, the Supreme Court struck down a state law requiring a defendant to prove his competency by clear and convincing evidence. The Court found that such a high burden violates due process and threatens the fundamental right to a fair trial. *Id.* at 363. The Court further stated that "[f]or the defendant, the consequences of an erroneous determination of competence are dire . . . [however,] the injury to the State of the opposite error - a conclusion that the defendant is incompetent when he is in fact malingering - is modest." *Id.* at 364-65. In comparing this analysis of competency to mental retardation, the Defendant argues that requiring him to prove mental retardation by clear and convincing evidence would increase the risk of an erroneous determination that he is not mentally retarded. Similar to the *Cooper* Court's reasoning, Defendant further asserts, "[c]learly in the *Atkins* context, the State may bear the consequences of an erroneous determination that the defendant is mentally retarded (life imprisonment at hard labor) far more readily than the defendant of an erroneous determination that he is not mentally retarded." (Def.'s Supplemental Br. at 13 (citing *Williams*, 831 So.2d at 860)). Finally, the Defendant cites additional state cases and statutes that have adopted the preponderance of the evidence burden of proof as support.[4]

---

[4] *Chase*, 873 So.2d at 1029; *Bass*, 87 P.2d at 633; *Ex Parte Briseno*, 135 S.W.3d 1, 12 (Crim. Appeals Tex. 2004); *United States v. Cisneros*, 385 F. Supp. 2d 567, 570 (E.D. Va. 2005).

Although there is no controlling Tenth Circuit case law on this issue, I find Defendant's argument and the authority on competency to be persuasive. I disagree with the Government's argument that this issue is analogous to the insanity defense. Insanity is an affirmative defense, which must be proved by clear and convincing evidence. I find that a pre-trial determination of mental retardation is more comparable to a pre-trial determination of competency. As such, a clear and convincing burden of proof is too high, and the risk of error is much less for the Government than the Defendant. Therefore, the Defendant should have the lower burden of proof in establishing mental retardation. Accordingly, it is

ORDERED that the Court will determine whether the Defendant is mentally retarded prior to trial. It is

FURTHER ORDERED that the Defendant shall prove his mental retardation by a preponderance of the evidence.

Dated: November 3, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge